2013 OK 2

**C.V. PROPERTIES, L.L.C., an Oklahoma limited liability company, for itself and all others similarly situated, Plaintiff/Appellee,**

v.

**STATE of Oklahoma, ex rel. The Honorable V. Glenn COFFEE, Secretary of State, Defendant/Appellant.**

No. 109,783.

Supreme Court of Oklahoma.

Jan. 15, 2013.

Rehearing Denied March 25, 2013.

Andrew E. Karim, Karim Law Office, Oklahoma City, OK and Kurt Bollenbach, Harrison & Mecklenburg, Inc., Kingfisher, OK, for the appellees.

Kevin L. McClure, Assistant Attorney General, Oklahoma Attorney General's Office, Oklahoma City, OK, for the appellant.

WINCHESTER, J.

¶1 In February of 2010 C.V. Properties, Plaintiff/Appellee, received notice from the Secretary of State, Defendant/Appellant, that the annual certificate required by § 2055.2 of title 18 was due and must be accompanied by the filing fee of $25.00. C.V. Properties mailed the completed certificate to the Secretary of State, but did not include the filing fee. The certificate was then returned with a letter instructing the company that the filing fee must accompany the certificate for filing. C.V. Properties refused to pay the filing fee, and claimed that the law did not authorize the Secretary to charge and collect any fee because the Oklahoma Limited Liability Act does not provide for it. The plaintiff then filed suit in Oklahoma County District Court seeking a writ of mandamus requiring the defendant to perform his lawful duty to file plaintiff's 2010 annual certificate without payment of a fee. The plaintiff also sought (1) a declaratory judgment, (2) a certification of a class comprised of the companies registered to transact business in Oklahoma that have paid a $25.00 fee for the annual filing for one or more years, beginning in 2002, (3) a full accounting of the total amount received by the defendant in annual certification filing fees, (4) a constructive trust, (5) a refund, and (6) damages, interest, costs and any other relief to which the class may be entitled. The trial court issued a writ of mandamus, struck the defendant's motion to dismiss and granted class certification.

¶2 Section 2055.2(D) of the Oklahoma Limited Liability Company Act requires an LLC to file an annual certificate and pay the annual certificate fee within 60 days. Section 2055 of the Act provides fees that the Secretary of State charges for filing certain documents. Nothing in the statute expressly states the filing fee for the filing of annual certificates.

¶3 However, 28 O.S.2011, § 111,[1] sets fees for services rendered by the Secretary of State, where the fees are not otherwise specified, indicating the legislature intended for fees to be charged for services by the Secretary. Likewise, title 18 O.S.2011, § 1142(A)(1) provides that the Secretary of State charge $25.00 for services performed in the Office of the Secretary of State and for expense of mailing, for any report, document, or other paper required to be filed with the Secretary. Section 1142(A)(1) controls the case now before us. This construction disposes of this and any cases presently in the legal pipeline. The legislature amended § 2055.2 of title 18 in 2012.[2] Subsection A now specifically provides for an annual certificate fee of $25.00.

¶4 The trial court erred in failing to grant a declaratory judgment in favor of the Secretary of State and accordingly disposing of this questionable cause.

THE TRIAL COURT'S ORDER GRANTING CLASS CERTIFICATION IS REVERSED. THIS CAUSE IS REMANDED WITH INSTRUCTIONS TO DISMISS.

CONCUR: COLBERT, C.J., REIF, V.C.J., KAUGER, WINCHESTER, TAYLOR, COMBS, GURICH, JJ.

DISSENT: WATT, EDMONDSON, JJ.

1. 2004 Okla.Sess.Laws, ch. 182, § 1.

2. 2012 Okla.Sess.Laws, ch. 245, § 1.